## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

| | | |
|---|---|---|
| DELTA SPRAYERS, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-cv-00170-JM |
| | § | |
| PRATT AND WHITNEY CANADA | § | |
| | § | |
| *Defendants.* | § | |

## <u>DEFENDANT'S OMNIBUS MOTION IN LIMINE</u>

Defendant Pratt and Whitney Canada ("PWC") moves the Court to enter an Order, prior to the voir dire examination of the jury panel, that counsel for plaintiff and any and all witnesses called on plaintiff's behalf, be instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documents or evidence concerning the matters set forth herein.  PWC further requests that the Court order that if plaintiff's counsel wishes to propose a theory of admissibility concerning these matters, that they first must request a ruling from the Court outside the presence and hearing of prospective jurors or the jury:

**1.     Excluding any Reference To or Evidence, Testimony, or Argument Concerning Other Unrelated Alleged Defects or Recalls.**

The evidence should be limited to this product, the subject PT6A-65AG engine, and the defects alleged in this lawsuit.  Evidence, testimony, or argument about defects not involved in this case or airworthiness directives, service bulletins,

1713598-v1

service letters, airworthiness instructions or recalls of this product or other PWC products for problems not involved in this case is improper due to lack of relevancy. Fed. R. Evid. 401, 402.

**2.    Excluding any Reference To or Evidence, Testimony, or Argument Concerning the Absence or Identity of PWC's Corporate Representative.**

Any reference to the fact that PWC may not have a representative at trial at any particular time or to PWC's choice of its corporate representative as not being the appropriate person to respond to plaintiffs' allegations should be barred. The existence or nonexistence of a corporate representative is non-evidentiary. It has no bearing upon any issue to be decided by the jury. To suggest otherwise asks the jury to infer liability from something unrelated to the product's manufacture, design, or sale. The remark asks the jury to disobey the Court's instructions and decide the case not solely upon the evidence presented. Fed. R. Evid. 401, 403.

**3.    Excluding Any Reference To or Evidence, Testimony, or Argument Concerning Other Accidents, Incidents, Complaints and Lawsuits.**

The Court should bar any reference to any prior or subsequent accidents, incidents, claims, complaints or lawsuits involving PWC products, including but not limited to the PT6A-65AG and other PT6A engines, that are not substantially similar to the accident and engine at issue in this case, particularly where the plaintiff attempts to use these other incidents to prove defect, causation or "notice" to PWC. PWC makes this motion on the following grounds: (1) details of other accidents, actions, and claims are irrelevant and immaterial to the issues in this

2

case; (2) any probative value evidence of details of other accidents, actions, and claims may have is substantially outweighed by the prejudice, confusion, and prolongation of the trial that their admission into evidence would cause; and (3) allegations made in other accidents, actions, and claims constitute inadmissible hearsay. While plaintiff may claim these other incidents provided "notice" to PWC of defects in the PT6 engine, this only highlights the hearsay problem: other accidents, complaints, and lawsuits only provide PWC such notice if one assumes the truth of the matters asserted by those prior litigants, exactly what the hearsay rules prohibit. Fed. R. Evid. 401, 403, 404(b), 703.

Because plaintiff has not identified in discovery any "other similar incidents" or "OSI's" which they intend to offer in evidence at trial, this particular motion is being made out of an abundance of caution.  However to the extent that plaintiff intends to offer OSI evidence and the Court does not bar its admission over PWC's timeliness objection, before attempting to introduce such evidence, PWC requests the plaintiff first provide notice to the Court and PWC and make a foundational showing of "sufficient similarity" with respect to time, place, or circumstance, outside the presence of the jury. *See Lockley v. Deere & Co.*, 933 F.2d 1378 (8th Cir. 1991).

## 4.   Excluding Any Reference To or Evidence, Testimony, or Argument Concerning Failure to Warn, Recall and/or Retrofit.

Because Arkansas does not recognize a post-sale duty to warn, the Court should bar any reference to or evidence, testimony, or argument suggesting that

PWC had a duty, subsequent to the delivery of the engine in question, to notify, or publicize to purchasers or to warn purchasers, of the alleged need for an alternative design or other post-delivery modification, or that PWC had a post-sale duty to warn again, update its warnings, send consumer reminders, or issue a service bulletin, service letter, airworthiness instruction, or other recall subsequent to delivery of the engine in question.

**5.   Excluding Any Reference To Or Evidence, Testimony, Or Argument Concerning The Size, Specialization Or Representation By PWC's Counsel.**

This Motion extends to any reference to or evidence, testimony, or argument regarding whether the attorneys for PWC in this lawsuit regularly represent PWC, other defendants, corporations, or insurance companies or manufacturers in lawsuits; that they specialize in product liability cases or cases involving "aviation"; or the number of attorneys who are members of the firms in which PWC's attorneys practice or the number of attorneys or firms who have appeared on PWC's behalf in this case.  Such evidence is irrelevant and prejudicial.

**6.   Excluding reference to PWC's financial status.**

Evidence regarding the financial status of PWC should likewise be excluded. This is barred *inter alia* by Federal Rules of Evidence 402 and 403 in that it is not relevant to any germane issue in the case, would be unfairly prejudicial, would confuse the issues and inflame the jury, and would unduly delay the case and waste time.  *Berkeley Pump Co. v. Reed-Joseph Land Co.*, 279 Ark. 384, 402 (1983); *Adams Laboratories v. Jacobs Engineering Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985).

**7.    Excluding any hearsay in any records and any records not properly authenticated.**

Plaintiff indicated in its pre-trial brief that it intends to offer a number of records into evidence, including bills, receipts, and other documents created by non-parties. Any document that is not properly authenticated or that is not subject to a hearsay exclusion should be excluded. Fed. R. Evid. 801, 802, 803, 804, and 901.

PWC further moves in limine to exclude the following testimony:

a.    Any testimony, comment or documentary evidence of the relative "wealth" of PWC or any testimony or comment that the plaintiff is "poor" or "little" in comparison to the size and financial status of PWC as such evidence would clearly be designed to invoke prejudice against PWC and sympathy for plaintiff.

b.    Any request in front of the jury that defense counsel or employees of PWC produce any document, statements, pleadings, photographs, or any other tangible exhibits contained in the files of the PWC or its attorneys.

c.    Any testimony, comment, or documentary evidence referencing any discovery disputes, which may have occurred during the pendency of this litigation.

d.    Any mention, reference, or question regarding any document that is not properly authenticated and admitted into evidence.

e.    Any testimony or argument to the effect that plaintiff or its attorney would like to present additional evidence to the jury, but the Court would not allow them to do so, or any suggestion or emphasis to the jury that PWC has moved to prohibit or exclude evidence.

WHEREFORE, Pratt and Whitney Canada respectfully requests that the Court grant the following relief:

(a)   That plaintiff, its counsel, and all witnesses called on its behalf be instructed not to mention or bring before the jury, either directly or indirectly, upon voir dire examination, opening statement, interrogation of witnesses, introduction of any evidence, argument, objections before the jury, reading of any portion of the pleadings, or by any other means or in any other manner inform the jury, or bring to the jury's attention any of the matters set forth above, unless and until such matters have been first called to the attention of the Court as to the admissibility and relevance of any such matters;

(b)   That plaintiff's counsel be specifically instructed to inform and counsel all of their witnesses and their client, not to volunteer, interject, disclose, state, or mention in the presence of the jury, or in any other way refer to any of the matters stated above, unless and until specifically questioned thereon after prior favorable ruling by the Court; and

(c)   That plaintiff's counsel be instructed that a violation of any and/or all of the Court's instructions, if any, in connection with these issues, would be likely to constitute undue harm to PWC's case and deprive PWC of a fair and impartial jury trial, and that such violations and failure to abide by the Court's Order may bring about a mistrial or other sanctions.

1713598-v1

Respectfully,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX:  (501) 376-9442
E-MAIL:  bdrennon@wlj.com


By: _____
  Baxter D. Drennon (2010147)

And


FITZPATRICK & HUNT,
PAGANO, AUBERT LLP
Paul N. Bowles III (*pro hac vice*)
12 E. 49th Street, 31st Floor
New York, New York 10017
(212) 937-4000
FAX:  (212) 937-4050
E-MAIL: paul.bowles@fitzhunt.com

ATTORNEYS FOR DEFENDANT PRATT &
WHITNEY CANADA CORP.

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2018, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to the following:

Bruce E. Munson
Eric Eggburn
MUNSON, ROWLETT, MOORE & BOONE, P.A.
400 W. Capitol, Suite 1900
Little Rock, AR 72201
***Attorney for Plaintiffs***

Judson C. Kidd
Catherine Ryan
DODDS, KIDD & RYAN
313 W. 2nd St.
Little Rock, AR 72201
***Attorney for Plaintiff***

_____
Baxter D. Drennon

1713598-v1